UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BERTIE RANDALL HICKS** | **CIVIL ACTION NO. 13-3315-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN CAIN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Bertie Randall Hicks ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on August 6, 2013. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction and sentence. He names Warden N. Burl Cain as respondent.

On June 12, 2006, Petitioner pleaded guilty to one count of manslaughter in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier. On September 11, 2006, Petitioner was sentenced to 40 years imprisonment at hard labor without benefit of probation or suspension of sentence. The Louisiana Second Circuit Court of Appeal amended his sentenced to reflect that Petitioner is required to serve 85% of his sentence

prior to eligibility for parole. State v. Hicks, 968 So.2d 307, 42,427 (La. App. 2 Cir. 10/24/07).

In support of this petition, Petitioner alleges (1) his counsel advised him that he would receive a ten year sentence as part of his plea agreement, and (2) he received ineffective assistance of counsel because his attorney gave him erroneous and inadequate information regarding the plea agreement.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

> applicant was prevented from filing by such State action";
>
> 3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or
>
> 4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner pleaded guilty on June 12, 2006. He was sentenced on September 11, 2006. The Louisiana Second Circuit Court of Appeal affirmed his conviction and sentence as amended on October 24, 2007. State v. Hicks, 968 So.2d 307, 42,427 (La. App. 2 Cir. 10/24/07). Petitioner did not seek writs of review in the Supreme Court of Louisiana. Thus, his conviction and sentence became final on November 23, 2007, when the delay for applying for a rehearing expired and no application was filed. See La. C.Cr.P. art. 922.

The federal petition currently before the court was received and filed in this court on August 6, 2013, and signed by Petitioner on August 5, 2013. Since the federal clock began ticking on November 24, 2007 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before November 24,

2008. This petition was not filed until August 2013 at the earliest, more than five years too late.

In addition, the post-conviction proceedings conducted by Petitioner do not serve to toll the one-year limitation period because they were not filed within the one-year period. See supra footnote 1. Petitioner claims he filed an application for state post-conviction relief on October 8, 2009 (Doc. 1, p. 7). Review of this application for post-conviction relief continued until the trial court denied relief on February 8, 2010. Petitioner claims he filed a second application for post-conviction relief on May 31, 2012 (Doc. 1, p. 8). Review of this application for post-conviction relief continued until the Supreme Court of Louisiana denied writs of review on March 15, 2013. To toll the federal limitation period, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file his state post-conviction applications until October 8, 2009 and May 31, 2012, which was after the limitation period had already expired on November 24, 2008.

Petitioner argues that the court must determine the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1). He argues that his petition is based on new evidence in the form of affidavits which support his claims that his counsel advised him that he would receive a 10 year sentence as part of his plea agreement and he received ineffective assistance of counsel because his attorney gave him erroneous and inadequate information regarding the plea offer. The court finds that Petitioner's claims do not implicate this section. Petitioner

raised these claims in his direct appeal. See State v. Hicks, 968 So.2d 307, 42,427 (La. App. 2 Cir. 10/24/07). Petitioner personally knew of these claims when he was convicted and sentenced.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99).

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 27th day of March 2014.

Mark L. Hornsby
U.S. Magistrate Judge